776 F.2d 1441
 Virginia HARMON, individually and as personal representative
of the Estate of Brandon Scott Harmon, Plaintiff-Appellant,
v.
The BILLINGS BENCH WATER USERS ASSOCIATION and the City of
Billings, Defendants-Appellees.
 No. 84-4136.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 22, 1985.
 
 Donald W. Molloy, Anderson, Edwards & Molloy, Billings, Mont., for plaintiff-appellant.
 Steven Harmon, Anderson Law Firm, Billings, Mont., for defendants-appellees.
 ORDER
 Before HUG, FARRIS, and BOOCHEVER, Circuit Judges.
 
 
 1
 Billings Bench Water Users Association brings an emergency motion urging us to withdraw and reconsider our published opinion of July 19, 1985, 765 F.2d 1464 (9th Cir.1985), wherein we addressed a district court disposition granting summary judgment against the mother of a five-year-old who drowned in an irrigation ditch. We affirmed in part but reversed and remanded for trial on theories of attractive nuisance and negligence.
 
 
 2
 Two months after our opinion was filed, the Montana Supreme Court decided a case which cited our opinion and which abolished attractive nuisance with regard to artificial bodies of water such as irrigation ditches. Limberhand v. Big Ditch Company, et al., --- Mont. ----, 706 P.2d 491, 42 St.Rep. 1460 (decided September 26, 1985).
 
 
 3
 In Harmon we remanded on theories of both attractive nuisance and negligence. Limberhand abolishes attractive nuisance by subsuming it within negligence. The district court will follow the rule of law enunciated in Limberhand v. Big Ditch Company, et al., by the Supreme Court of Montana to the extent that it differs from the rule of law set forth in our opinion.
 
 
 4
 We deny the motion to withdraw the opinion.